**E. HUTTENBAUER & SONS, INC., Plaintiff,**

v.

**DOLLAR DRY DOCK SAVINGS BANK OF NEW YORK, Defendant.**

**DOLLAR DRY DOCK SAVINGS BANK OF NEW YORK, Defendant and Third-Party Plaintiff,**

v.

**FREEDOM INDUSTRIES, INC., Third-Party Defendant.**

No. 85 Civ. 5441 (KTD).

United States District Court, S.D. New York.

March 23, 1987.

Evelyn F. Cohn, New York City, for plaintiff.

Thacher Proffitt & Wood, New York City, for Dollar Dry Dock Sav. Bank of New York; Samuel Rosenberg, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

On April 13, 1983, the defendant Dollar Dry Dock Savings Bank of New York ("Dollar Dry Dock") issued what appears to be an irrevocable document Letter of Credit in favor of the plaintiff, E. Huttenbauer & Sons, Inc. ("Huttenbauer") on behalf of Dollar Dry Dock's customer, the third-party defendant, Freedom Industries, Inc. ("Freedom"). It should be noted that, at the time, Dollar Dry Dock had invested in Freedom.

Huttenbauer claims to have complied with the terms of the Letter of Credit. It claims to have made proper presentment of

the requisite documents to Dollar Dry Dock and asserts that Dollar Dry Dock refused to make the payments as required by the Letter of Credit. Instead, Dollar Dry Dock sent a letter promising to remit to the plaintiff $5,000 per month until full payment was made for the goods in question.

Dollar Dry Dock has advanced a somewhat unique defense. It claims that the statutes and regulations under which it acts forbid it to issue Letters of Credit. It further asserts that the parties agreed that the document entitled irrevocable document Letter of Credit was not really intended to be a letter of credit but was in reality a sham enabling Huttenbauer to "satisfy *his* bankers." Dorso Affidavit ¶ 9, sworn to February 13, 1987.

Dollar Dry Dock has raised various and sundry other defenses which can be boiled down to a claim that the goods supplied by Huttenbauer were non-conforming goods under its contract with Freedom. These defenses will not be discussed in this Memorandum and Order.

I am somewhat astounded by Dollar Dry Dock's defense. I can understand why they would be worried to admit that they had been involved in activities which are contrary to regulation, but they obviously did not think through their defense to its logical conclusion. If I am to believe that Dollar Dry Dock entered into an agreement to create sham documents to "assist" in fooling another bank, then I must be willing to find that Dollar Dry Dock has participated in a conspiracy to defraud some other bank. I would assume, because most banks are insured by the federal government, that Dollar Dry Dock admits to having committed a federal felony.

The facts in this case, however, are not so clear that I can ascertain at this point exactly which fraud Dollar Dry Dock is guilty of; that of fraudulently issuing the Letter of Credit, or that of conspiracy to defraud a federally insured bank. Dollar Dry Dock claims that it has yet to complete discovery and has cross-moved for sanc-

tions against Huttenbauer. Dollar Dry Dock's motion for sanctions is denied, but Huttenbauer is directed to comply with Dollar Dry Dock's outstanding discovery requests. Because this case may give rise to evidence of criminality, it is to be given a preference. All discovery is to be completed within thirty (30) days of the date of this Memorandum and Order. No extensions will be permitted.

SO ORDERED.